## THE HERKIMER COUNTY BANK *vs.* FURMAN.

In an action by a creditor of a manufacturing corporation in the county of Herkimer, against a stockholder, to compel the payment of his debt, if it appears from the complaint that the dissolution of the company took place under the act of April 16, 1852, " to facilitate the dissolution of manufacturing corporations in the county of Herkimer," that fact will be fatal to the action.

But if the complaint alleges the dissolution of the corporation, without any thing to indicate that the proceeding was under that act, the court will not, on demurrer, assume that it was.  On overruling the demurrer, however, it will give the defendant leave to answer, in order that he may set up that fact as a defense.

The Herkimer County Bank *v.* Furman.

APPEAL by the defendant from a decision made at a special term, overruling the demurrer to the complaint. The complaint alleged that the defendant, at the time of the dissolution of the Astorogan Company hereinafter mentioned, was one of the persons composing said Astorogan Company, and then owned four and one-fourth shares of the capital stock thereof, the shares representing each one hundred dollars; that said Astorogan Company was a manufacturing corporation, formed, and existing, and carrying on the business of manufacturing cotton goods, in the county of Herkimer, prior to and on the twenty-second day of April, 1852, under and in pursuance of an act entitled "An act relative to corporations for manufacturing purposes," passed March 22d, 1811, and the acts amendatory and in continuation thereof; that on the said twenty-second day of April, 1852, the said Astorogan Company was largely indebted to the plaintiff and to divers other persons, and to an amount greatly beyond its means of payment, and that it was insolvent, and that it was on that day dissolved, and that at the time of its dissolution, it was indebted to the plaintiff, in the several amounts expressed in three several judgments recovered against said company, and owned by the plaintiff, and which were described in the complaint. The complaint then alleged and charged that the defendant, according to the form of the statute in such case made and provided, was individually liable to the plaintiff for the said several debts which were due and owing by said Astorogan Company on the judgments above mentioned, at the time of its dissolution, to the extent of his said four and one-fourth shares of the said stock therein, and that said judgments were not satisfied, but the same were due and unpaid to the plaintiff. The plaintiff demanded judgment against the defendant, for a sum equal to the amount of the stock of the said Astorogan Company held by him at the time of its dissolution, to wit, the sum of four hundred and twenty-five dollars.

The defendant demurred to the complaint, and assigned the following causes: 1. Because the complaint did not state facts sufficient to constitute a cause of action. 2. Because the said "act," and the "acts" amendatory, and in continuation thereof,

mentioned in the complaint, were not sufficiently described and set forth, or referred to, in said complaint. 3. Because the complaint did not show the alleged Astorogan Company to have been duly incorporated. 4. Because the complaint did not show the defendant to be a stockholder or member of said company, as an incorporated company. 5. Because the complaint did not set forth the names of the respective stockholders of said company nor the number or amount of their respective shares. 6. Because the mode and manner of the dissolution of said company were not sufficiently set forth in said complaint. 7. Because the names of the creditors of said company, and the nature and amounts of their respective debts at the time of said alleged dissolution of the company were not stated or set forth in said complaint. 8. Because the complaint did not show that the property and assets of the company had been exhausted, or that the plaintiffs had exerted or exhausted their remedy against the property and assets of the said company, or that there was a deficiency of property or assets to pay and satisfy the plaintiffs. 9. Because there was no allegation or pretence in the complaint that the defendant had not paid up for his stock in full. 10. Because the act entitled " An act to facilitate the dissolution of manufacturing corporations in the county of Herkimer, and to secure the payment of their debts without preference," passed April 16th, 1852, was in full force and operation at the time of said alleged dissolution. 11. Because the complaint did not set forth a debt or debts due the plaintiffs, upon or by virtue of which they had a right to recover against the defendant in the manner and to the extent or amount claimed in the complaint, or any other amount.

*J. H. H. Pinckney,* for the appellant.

*Nolton & Lake,* for the respondent.

*By the Court,* GRIDLEY, J. This cause comes before us on an appeal by the defendant from the decision of a single judge. If it had appeared in the complaint that the dissolution of the Astoro-

gan Company took place under the act of 1852, that fact would have been fatal to the action, for the reasons stated in the opinion delivered this term in the case of *Walker* v. *Crain,* (a) to which we refer for the grounds of the judgment. But there is nothing to indicate that the proceeding was under the act of 1852 to be found in the complaint, except what is purely conjectural, and we cannot assume .it. If the proceeding was in reality under that act, that fact may be set up in the answer, and will form a defense to the action. On this complaint, however, we cannot say that it does not contain facts enough to constitute a cause of action, and therefore affirm the decision of the court below. We perceive that a judgment was ordered in the suit, and whether the defendant had leave to answer given him on payment of costs, the papers do not show. But we think the defendant ought to have such right if he should apply, and show that the dissolution was in fact under the act of 1852.

We therefore affirm the judgment, with a stay for 20 days, to enable the defendant to apply to the court for such an order.

[ONONDAGA GENERAL TERM, October 3, 1853. *Gridley, W. F. Allen, Hubbard* and *Pratt,* Justices.]

