MARTIN S. CUYKENDALL as Receiver, etc., Respondent, v. ERASTUS CORNING, Jr., as Executor, etc., Appellant.

The act of 1852, in relation to manufacturing corporations, organized in the county of Herkimer (chap. 361, Laws of 1852), has no application to such corporations organized under the General Manufacturing Act of 1848 (chap. 40, Laws of 1848), but by its terms is limited to corporations organized under the act of 1811 (chap. 67, Laws of 1811).

The act of 1853 (chap. 179, Laws of 1853), making the said act of 1852 applicable to " any manufacturing corporations in the county of Cayuga, incorporated under any general manufacturing law in this State, and to the trustees, creditors and stockholders thereof * * * provided said company, being insolvent or in contemplation of insolvency, shall have made no preferences among its creditors," does not extend or change in any manner the liability of stockholders of corporations formed under the act of 1848.

Assuming, therefore, that the trustees or a receiver appointed in proceedings under said acts of 1852 and 1853, of a corporation organized in the county of Cayuga, under the act of 1848, succeed to the rights of creditors to enforce the liability of stockholders, they can enforce no other or greater liability than that imposed by the act of 1848; they can assess stockholders only to the extent of their liability under that act, and can recover against them only upon the same allegations upon which the creditors to whose rights they succeed could recover.

Accordingly held, that an action was not maintainable by a receiver against a stockholder of such a corporation to recover a general assessment based upon the entire indebtedness of the company, but that to disclose a right of action it must be alleged that the capital was not paid in, that the debt for which the stockholders were sought to be charged was a contract debt contracted to be paid within one year, that an action was brought against the company within one year after the debt fell due, and that judgment was recovered thereon and execution returned unsatisfied, or that the recovery of judgment had been rendered impossible by the act of defendant or the act of the law; also that with these facts alleged, the receiver was only entitled to recover in respect to the debts as to which such facts were established.

Also held, that an assessment made by the receiver pursuant to an ex parte order of the court was not conclusive upon a stockholder, but might be questioned by him in an action to recover the same.

Walker v. Crain (17 Barb. 128), Story v. Furman (25 N. Y. 215), distinguished.

Hurd v. Tallman (60 Barb. 272), limited.

Also held, that by force of the proviso in said act of 1853, making it operative only in case the company seeking to avail itself thereof, being insolvent or in contemplation of insolvency, has made no preferences

among its creditors, in case such preferences had been made, neither the trustees nor a receiver could exercise the powers conferred by the act of 1852; and that, in an action against a stockholder to recover an assessment, it was proper to show that the corporation or its trustees had violated this condition.

(Argued January 30, 1882 ; decided February 28, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, in favor of plaintiff, entered upon an order made the second Tuesday of June, 1881, which denied a motion for a new trial and directed judgment upon a verdict.

This action was brought by plaintiff "as receiver for the creditors and stockholders of the late Dodge & Stevenson Manufacturing Company," against defendant, a stockholder of said company, to recover an assessment of seventy-five per cent of the amount of his stock, alleged in the complaint to have been made by order of the court. The complaint alleged that said corporation was organized in the county of Cayuga under the Manufacturing Act of 1848; that the whole amount of its capital stock was not paid in and no certificate recorded as prescribed by law; that it having become insolvent, its trustees, by resolution passed pursuant to chapter 361, Laws of 1852, and chapter 179, Laws of 1853, declared it dissolved; that thereafter, on application of the trustees and of certain creditors by an order duly made, plaintiff was appointed receiver; that the property and assets of the company were insufficient to pay its just debts due within one year from the time they were contracted, and which became due after the dissolution and within one year prior thereto; that, in pursuance of an order of the court made upon his application, plaintiff assessed the stockholders to the amount of seventy-five per cent of the stock held by them, and that the indebtedness for which the assessment was made was contracted while defendant was stockholder.

The further material facts are stated in the opinion.

*E. Countryman* for appellant. The court erred in holding that the power conferred on the trustees by the act of 1852 to

dissolve the corporation could be exercised by less than the full board and without filling the vacancy caused by the resignation of one of the trustees. (Laws of 1852, chap. 361, § 1, p. 572; Laws of 1811, chap. 67, § 3; Laws of 1848, chap. 40, § 3; 2 R. S. [6th ed.] 496, § 3; 503, § 29; *People* v. *Nostrand*, 46 N. Y. 375, 383; *Crocker* v. *Crane*, 21 Wend. 211, 218; *Kirk* v. *Bell*, 16 Q. B. 290; *Ducarry* v. *Gill*, 4 Carr. & Payne, 121; *People* v. *Batcheler*, 22 N. Y. 128; *People Ins. Co.* v. *Westcott*, 14 Gray, 440.) As this is a special statutory proceeding, and confers an extraordinary power, it must be held invalid unless in strict conformity to the statute. (*Chase* v. *Lord*, 77 N. Y. 1.) Defendant's offer to prove that just before the attempted dissolution of the corporation, divers preferences were made by the trustees, while the company was insolvent, etc., was improperly rejected. (Laws of 1853, chap. 179, § 1, p. 316; Potter's Dwarris on Statutes, 119; *Spiers* v. *Parker*, 1 Durnf. & E. 141, 145; *Jones* v. *Axen*, 1 Ld. Raym. 119; *Gill* v. *Screvens*, 7 Durnf. & E. 27; *Voorhies* v. *U. S. Bk.*, 10 Peters, 471.) The court erred in receiving evidence to contradict the certificate of the trustees, that the original capital stock had all been paid in. (Laws of 1848, chap. 40, § 10; 2 R. S. [6th ed.] 504, § 38; *Stedman* v. *Eveleth*, 6 Metc. 114; *Curtis* v. *Harlow*, 12 id. 3, 6; *Pitchford* v. *Davis*, 5 M. & W. 2; *Chase* v. *Lord*, 77 N. Y. 1; *Mann* v. *Pentz*, 2 Sandf. Ch. 257; *Spear* v. *Crawford*, 14 Wend. 20; *Upton* v. *Tribilcock*, 1 Otto, 45.) The liability of stockholders for the debts of the corporation, except to employes, is limited to the holders of original capital stock by the terms of sections 10 and 11 of the act of 1848. (2 R. S. [6th ed.] 504, 505; Thompson on Stockholders, § 4; *Chase* v. *Lord*, 77 N. Y. 1-8.) The omission of the clerk to record the certificate as to amount of capital as required by statute will not affect or impair the rights of others. (2 R. S. [6th ed.] 504, 505; *Dodge* v. *Potter*, 18 Barb. 194; *Neele* v. *Berryhill*, 4 How. Pr. 16; *Dikeman* v. *Pudchafer*, 1 Abb. [N. S.] 33; *Jordon* v. *Farnsworth*, 15 Gray, 518; *Craig* v. *Dimmock*, 47 Ill. 309; *Merrick* v. *Wallace*, 19 id. 486; *McGregor* v. *Hall*, 3

Stew. & P. [Ala.] 397; *Gorham* v. *Simmons*, 25 Minn. 81; *People* v. *Bristol*, 35 Mich. 28; *Throckmorton* v. *Price*, 28 Texas, 605; *Fairbanks* v. *Davis*, 50 Vt. 251; *Wilson* v. *Leslie*, 20 Ohio, 161; *Chase* v. *Lord*, 77 N. Y. 1–8; *Gray* v. *Coffin*, 9 Cush. 192, 199.) If, however, the certificate is not conclusive, and the stock was not in fact paid in under the first organization, then clearly the corporation was dissolved by force of the statute as early as the fall of 1869. (Laws of 1858, chap. 40, § 10; 2 R. S. [6th ed.] 504, § 38; *Phillips* v. *Therasson*, 11 Hun, 141; *Central Svgs. Bk.* v. *Walter*, 66 N. Y. 424.) It was necessary for the plaintiff to prove affirmatively all the facts requisite to establish the statutory liability. (*Chase* v. *Lord*, 77 N. Y. 1, 6; *Bruce* v. *Driggs*, 25 How. Pr. 71; *Matter of D. & S. Company*, 77 N. Y. 101–2, 110.; 2 R. S. [6th ed.] 508, § 59; Laws of 1848, chap. 40, § 24.) The receiver had no right of action under the statute of 1852 against the stockholder, until after he applied the assets on hand to the payment of debts, and then only for the actual deficiency. (*Matter of D. & S. Company*, 77 N. Y. 110; *Walker* v. *Crain*, 17 Barb. 128; *Story* v. *Furman*, 25 N. Y. 215, 225; *Hurd* v. *Tallman*, 60 id. 272, 285; *Matter of Reciprocity Bk.*, 22 id. 10, 21; *Matter of Empire City Bk.*, 18 id. 200, 221, 222.) The liability of the stockholder in this case is not general to all the creditors, or for all the debts of the corporation, but is limited to particular debts. First, such as arise on contract; second, such contract debts only as were payable within a year from the time they were contracted; and third such only of these again, if past due for one year, as have been sued within that time, and reduced to judgment, etc. (*Weeks* v. *Love*, 50 N. Y. 571.) Creditors, therefore, cannot join in an action at law to enforce the liability of a stockholder, but each creditor may sue in his own right. (*Weeks* v. *Love*, 50 N. Y. 568, 571; *Shellington* v. *Howland*, 53 id. 371; *Kincaid* v. *Dwinell*, 59 id. 548; *Strong* v. *Fiernor*, 25 id. 231, 232; *Prohl* v. *Simpson*, 74 id. 137; *Griffith* v. *Morgan*, 73 id. 611; *Mather* v. *Neidig*, 72 id. 100.) Equity requires that demands be set off against each other, if, from the nature of the claim or

the situation of the parties, justice cannot otherwise be done. (*Smith* v. *Felton,* 43 N. Y. 419, 422, 423 ; *Lindsay* v. *Jackson,* 2 Paige, 581 ; *Smith* v. *Fox,* 48 N. Y. 674 ; *Davidson* v. *Alfaro,* 16 Hun, 353 ; 80 N. Y. 660 ; *Coffin* v. *McLean,* id. 560 ; *Gay* v. *Gay,* 10 Paige, 369 ; 2 Story's Eq. Juris., §§ 1435, 1436, 1437, 1437 *b ; Ex parte Prescott,* 1 Atk. 230 ; *Hankey* v. *Smith,* 3 D. & E. 507, note ; *Uphon* v. *Weyman,* 7 Allen, 499 ; *Schieffelin* v. *Hawkins,* 1 Daly, 289 ; *Receiver* v. *Patterson Ins. Co.,* 23 N. J. Law, 283 ; *Simpson* v. *Hart,* 14 Johns. 64 ; *Spurr* v. *Snyder,* 35 Conn. 172 ; *Blake* v. *Langdon,* 19 Vern. 485 ; *Vulliomy* v. *Noble,* 3 Meriv. 593 ; *Marshall* y. *Cooper,* 43 Md. 47 ; *Jeffries* v. *Evans,* 6 B. Monr. [Ky.] 119 ; *Brewer* v. *Norcross,* 17 N. J. Eq. 219 ; *Barber* v. *Spencer,* 11 Paige, 517 ; *Mather* v. *Neidig,* 72 N. Y. 100 ; *Agate* v. *Sands,* 73 id. 620 ; *Briggs* v. *Penniman,* 8 Cow. 390 ; *Tallmadge* v. *Fishkill Iron Co.,* 4 Barb. 382 ; *Weeks* v. *Love,* 50 N. Y. 568, 572.)

*William F. Cogswell* for respondent. The stockholders of the corporation were liable to its creditors to an amount equal to their stock, for the debts and contracts of such corporation, for the reason that its capital stock had not been paid in as required by the statute. (Laws of 1848, chap. 40, p. 54, §§ 10, 14.) The stockholders were liable notwithstanding the provision of section 24 of chapter 40, Laws of 1848, that no stockholder shall be personally liable for the payment of any debt contracted by any company formed under said act in question, unless suit for the collection of such debt shall be brought against such company within one year after the debt shall become due, as no action could be maintained against it after its dissolution. (*Sturges* v. *Vanderbilt,* 73 N. Y. 384 ; *Kincaid* v. *Dwinelle,* 59 id. 548 ; *Skellington* v. *Howland,* 53 id. 371.) The resolutions of the trustees, under the act of 1852, take the place of, and are of the same effect as, a formal decree of dissolution of the corporation by a court of competent jurisdiction. ( *Walker* v. *Crain,* 17 Barb. 119 ; *Herkimer Co. B'k* v. *Furman,* id. 116 ; *Cuykendall* v. *Douglas,* 19 Hun, 577.) The assessment made

by the receiver under the order of the court is conclusive evidence as to the amount which the plaintiff is entitled to recover. (*Hurd* v. *Tallman*, 60 Barb. 272; *Cuykendall* v. *Douglas*, 19 Hun, 577.) The obligation of the stockholders to pay for their stock is an asset of the corporation, which an ordinary receiver could collect. (*Walker* v. *Crane*, 17 Barb. 119.) The power of the receiver to maintain the action stands plainly upon the statute and has long been recognized by the courts. (*Story* v. *Furman*, 25 N. Y. 214; *Kennedy* v. *Gibson*, 8 Wall. 498; *Kasey* v. *Galli*, 94 U. S. 763; *National B'k* v. *Case*, 99 id. 328; Thompson on Liability of Stockholders, §§ 341, 342; *Dutcher* v. *Marine Nat. B'k*, 12 Blatchf. 435; *Bristol* v. *Sanford*, id. 341.)

RAPALLO, J. The act called the Herkimer County Act (Laws of 1852, chap. 361 — which was by chap. 179 of the Laws of 1853 applied to manufacturing corporations in the county of Cayuga), was, by its terms, confined in its operation to manufacturing companies incorporated under the manufacturing law of 1811, and had no application to manufacturing corporations formed under the act of 1848. The provision of the act of 1852, which authorizes the assessment of deficiencies upon stockholders to the extent of their liability for the payment of the debts of the company, was framed with reference to the liability imposed by the act of 1811. Under the act of 1811, stockholders were personally liable for debts of the company, only in the event of its dissolution. In that event the liability sprang into existence and extended to all debts due at the time of the dissolution, whenever contracted and whenever payable. It was absolute and unconditional. No default in the payment of the capital was necessary, and no proceedings by the creditors against the company were required. The stockholders were responsible to the same extent as partners, with the single restriction that they should be liable to creditors no further than to the amount of their respective shares in the company. In view of these provisions the act of 1852 constituted the trustees, upon the dissolution of the company,

trustees for the creditors to the extent of their debts, and authorized them to assess deficiencies, if necessary, upon the stockholders to the extent of their liability, and pay the debts of the company in equal ratio. The rights of the creditors were thus transferred to the trustees, or to the receiver appointed in their place, and this transfer precluded the creditors from proceeding in their individual names. The object of the act, as expressed in its title, "to secure the payment of their debts without preferences," was thus attained. After a dissolution under the act of 1852, no creditor could maintain a separate action against a stockholder. (*Herkimer Co. Bank* v. *Furman*, 17 Barb. 116.; *Walker* v. *Crain*, id. 119; *Story* v. *Furman*, 25 N. Y. 214.) The liability of the stockholders for unpaid stock, and for corporate debts, was declared to become the property of the creditors to the extent of their debts, and was enforceable by the trustees by assessment upon stockholders, to the extent of their liability, for the benefit of the creditors, and the proceeds were applicable to the payment of all the debts in equal ratio.

As to corporations formed under the act of 1811 this scheme was entirely practicable, and a general assessment upon all the stockholders to the extent of their liability, viz., to the amount of their shares in the company, for the equal benefit of all the creditors, was an appropriate and just proceeding; and such an assessment would properly be based upon the entire indebtedness of the company.

The liability of stockholders, under the act of 1848, is entirely different from that imposed by the act of 1811. It is conditional, and exists only where there has been a failure to pay in the capital stock in full, and to record a certificate of such payment. (Laws of 1848, chap. 40, § 10.) The stockholders are, by section 24, declared to be personally liable only for debts contracted by the company, to be paid within one year, and only in case a suit is brought against the company for the debt, within one year after it becomes due; and it is further provided that no suit can be brought against a stockholder who has ceased to be such, unless brought within two

years thereafter; nor can a stockholder be sued until judgment has been recovered against the company and an execution returned unsatisfied.

The simple course of a general assessment upon stockholders, based upon the entire indebtedness of the company, for the payment of all its debts in equal ratio, is totally inapplicable to the modified liability provided by the act of 1848. Stockholders, under that act, instead of all being liable for all debts due at the time of the dissolution, may be liable for some of the debts and not for others, and some stockholders may be liable for debts for which others are not liable. A uniform assessment to cover all debts would be necessarily unjust to stockholders. And a *pro rata* division among all the creditors existing at the time of the dissolution, of the sums collected by the trustees or receiver from the assessed stockholders, would be clearly inequitable as to the creditors. The largest creditors might be those who had lost their remedies, or never had any, against the stockholders. The smallest might be such as were fully secured by the liability of stockholders, and whose remedies against them were unimpaired. In one case the stockholders might be assessed to a greater extent than their legal liability, which is the limit imposed by the act of 1852 upon the power to assess, and in the other, some of the creditors would receive more and others less than they were entitled to.

If this were a Herkimer county corporation there would be a very short answer to the plaintiff's case, viz.: that the act of 1852 has by its terms no application to corporations formed under the act of 1848. But the confusion in the case results from the language of the act of 1853 (Laws of 1853, chap. 179), which not only applies the provisions of the act of 1852 to corporations in the county of Cayuga, but extends its operation to "any manufacturing corporation in the county of Cayuga, incorporated under any general manufacturing law of this State, and to the trustees, creditors and stockholders thereof," etc., "provided said company, being insolvent or in contemplation of insolvency, shall have made no preferences among its creditors."

There is nothing, however, in the act of 1853 which extends or changes in any manner the liability of stockholders of corporations formed under the act of 1848, or dispenses as to them with the restrictions or conditions imposed by that act.

Assuming that the trustees, or the receiver, appointed in proceedings under the acts of 1852 and 1853, succeed to the rights of creditors to enforce the liability of stockholders, they can enforce no other or greater liability than that created by the act of 1848. The transfer of the right of action of the creditors to the trustees or receiver does not enlarge or change the liability of the stockholders, and the trustee or receiver can assess stockholders only to the extent of their liability and can recover only upon the same allegations upon which the creditors to whose rights they succeed could have recovered. Under the act of 1811, the only allegations necessary in an action against a stockholder were the indebtedness of the corporation, the dissolution, a deficiency in the assets to pay the debts, and the ownership by the defendant of a certain amount of stock. All the stockholders were then equally liable for the deficiency to the extent of their stock, and a uniform assessment upon all, according to the act of 1852, was just.

But under the act of 1848 these allegations would disclose no liability whatever on the part of stockholders. The further facts must be alleged which are essential under the act of 1848 to disclose a right of action against the stockholders, viz.: that the capital was not paid in; that the debt for which the stockholder is sought to be charged was a contract debt and was contracted to be paid within one year; that an action was brought against the company within one year; that judgment was recovered thereon and execution returned unsatisfied. Or if under the doctrine of the cases of *Shellington* v. *Howland* (53 N. Y. 374) and *Kincaid* v. *Dwinelle* (59 id. 551) the condition of recovering a judgment had been rendered impossible by the act of the defendant or the act of the law, that fact must be shown; and when all this is done, what has the plaintiff shown? Merely that he is entitled, as transferee of the creditors, to recover of the stockholders in respect of

the particular debts as to which he has established these essential facts; not that he is entitled to recover a proportionate part of an assessment laid for the payment in equal ratio of all the debts owing by the company at the time of its dissolution, for these may include debts for which the stockholder was not liable. Without a change in the law governing the liability of the stockholders, a general assessment based upon the entire indebtedness of the company is manifestly illegal in the case of a corporation formed under the act of 1848, and cannot be enforced by action against them.

The act of 1852 does not prescribe the particular manner in which assessments shall be made upon stockholders for the payment of debts. It authorizes the trustees to assess *deficiencies*, and the assessments must be kept within the limits of the liability of the stockholders. The assessments may be made without any judicial proceeding, and unless within power conferred upon the trustees can have no validity. As has been already shown, when this power is exercised in the case of a corporation formed under the act of 1811, a general assessment based upon the entire indebtedness existing at the time of the dissolution is authorized. But it is manifest that if the power were exercised in that manner in the case of a corporation formed under the act of 1848, stockholders might be assessed when there were no debts for which they were personally liable, or for debts for which they were not liable, and it cannot be pretended that such an assessment would create a cause of action against them. Assuming that the power to enforce the claims of creditors against stockholders by means of an assessment is capable of being exercised in the case of corporations formed under the act of 1848, it must be exercised in a manner adapted to the limited liability imposed by that act, and the assessment must be confined to the debts which are within the limits of that liability.

The complaint in this action avers that the property and assets of the company are insufficient to pay its just debts due within one year from the time they were contracted, and which became due after the dissolution, and within one year prior

thereto; but it contains no averment showing any specific amount of such debts, or that any sum was owing for debts of the class for which stockholders were liable, which would justify so large an assessment as was made. It does not allege that the assessment was made with reference to the class of debts for which stockholders were liable, but simply alleges an assessment on the stockholders to the amount of seventy-five per cent of the amount of stock held by them respectively, and that the indebtedness for which said assessment was made was contracted while the defendant as executor held the stock upon which he was assessed.

The proofs clearly show that the assessment was based upon the entire aggregate indebtedness of the company, without regard to the limits upon the liability of stockholders, imposed by the act of 1848, and that this aggregate embraced indebtedness for which stockholders were not liable, under that act. It appeared in evidence that some of the indebtedness had not matured at the time of the dissolution, some was then past due more than two years, and some past due more than one year, and it did not appear that suits therefor had been brought against the company, but on the contrary, evidence that no such actions had been brought was offered and rejected. It is clear that the stockholders were not personally liable for all of these debts, and that it was beyond the power of the trustees or receiver to assess them therefor.

It is contended, however, that the assessment having been made pursuant to an order of the court, obtained by the receiver, its validity cannot be inquired into in this action, and that it is conclusive upon the stockholders.

The order obtained by the receiver was not required by the act. The power to assess is vested in the trustees, and not in the court, and they must act within the limits of their power. The court cannot enlarge this power nor add to the liability of the stockholders. The only power conferred by the act upon the court is that the trustees shall be subject to the control and direction of the Supreme Court, and may be removed by it,

and a receiver appointed in their place. The order for the assessment was made *ex parte*, on the application of the receiver. The stockholders had no notice of the application, and were not entitled to any, and the stockholders were not parties to the proceeding. (*In re Dodge & Stevenson Manuf. Co.*, 77 N. Y. 101.) To hold the order thus obtained conclusive upon them as to the amount of their liability, not only without inquiring whether it, the assessment, was imposed upon them for debts for which they were liable, but when it appears upon the face of the proceeding that it was made without reference to the limits of their liability, and it also appears that it included debts for which they were not liable, would be contrary to the first principles of justice.

The acts of 1852 and 1853 must be so construed with reference to corporations formed under the act of 1848, as to be capable of being executed consistently with that act, and the provisions of section 3 of the act of 1852, which authorize the trustees "to assess deficiencies, if necessary, upon the stockholders to the extent of their liability, and collect the same," cannot, in the case of a corporation formed under the act of 1848, be held to confer power to make a general assessment upon all stockholders for all debts, and recover such an assessment.

The respondent's counsel relies upon the case of *Walker* v. *Crain* (17 Barb. 128), and *Story* v. *Furman* (25 N. Y. 215), as sustaining the right of the receiver to bring this action for the collection of the assessment. Those cases throw no light upon the question which arises in the present case. They both were cases of proceedings under the act of 1852, by corporations formed under the act of 1811, with reference to which the act of 1852 was framed. We fully accord with the decisions in those cases, which are entirely free from the difficulties which we now encounter. In *Hurd* v. *Tallman* (60 Barb. 272) these difficulties do not appear to have been considered.

There is a further point in this case which, in our opinion, renders a reversal of this judgment inevitable. The act of

1853, upon which the whole proceeding depends, contains a proviso which makes it operative, only in case the company seeking to avail itself of the act has made no preferences among its creditors, being insolvent or in contemplation of insolvency. The effect of this proviso is that a company which has made such preferences has no power, by resolution of its trustees, to dissolve and vest its property and the claims of its creditors against stockholders, in trustees, nor can the trustees, or the receiver appointed in their place, exercise the powers conferred by the act of 1852. Their powers rest upon the proceedings for dissolution, and the validity of these proceedings depends upon the fact, whether or not the company has made such preferences. The proceedings are purely extrajudicial, and evidence is clearly admissible to show that the trustees, or the corporation, have rendered themselves incapable of adopting them, or have violated the condition upon which alone they are authorized to exercise the powers conferred by the act.

In this case the defendant offered to prove that immediately before the passage of the resolution for the dissolution of the company, it had, being insolvent and in contemplation of insolvency, made divers preferences among its creditors, and among others, a certain payment which was specified. This evidence was excluded as immaterial and incompetent, and the defendant excepted.

This ruling was clearly erroneous. It is sought to be sustained on the ground that the matter could not be inquired into collaterally. There is no foundation in the case for such an argument. The dissolution, by a resolution of the trustees, which is the foundation of the proceeding, was entirely extrajudicial. There was no judgment of any court of general jurisdiction that this company was entitled to dissolve itself under the acts of 1852 and 1853, and no opportunity for an adjudication of that question.

The subsequent *ex parte* orders appointing a receiver and authorizing an assessment were wholly dependent upon the dissolution of the company under the act of 1853. They added

no force to the proceedings of the trustees for such dissolution, and their power to take those proceedings could be attacked by proof of any fact showing that this company was not one of those empowered to avail itself of that act. The claim that the act of 1853 was applicable to corporations then in existence, and those that might be created thereafter, but that the proviso related to corporations only which were then in existence, is difficult to understand. It does not appear to have any foundation in the language of the act.

There are many other exceptions in this case which deserve attention. But as those which have been considered are decisive, we do not deem it necessary to discuss the others.

The judgment should be reversed, and a new trial ordered, costs to abide the event.

All concur, except DANFORTH, J., who takes no part.

Judgment reversed.