JOHN G. FARNSWORTH, as Receiver, etc., Respondent, *v.* DARIUS S. WOOD et al., Appellants.

The same Respondent *v.* S. FOSTER DEWEY, Impleaded, etc., Appellant.

The same Respondent *v.* RICHARD T. WILSON et al., Appellants.

A receiver of a corporation organized under the General Manufacturing Act is not vested with the right of action given by that act (§ 10, chap. 40, Laws of 1848) to creditors of the corporation against the stockholders thereof. The liability of the stockholder does not exist in favor of the corporation itself, or for the benefit of all its creditors, but only in favor of such creditors as are within the prescribed conditions, and is to be enforced by these in their own right and for their own especial benefit.

*Story* v. *Furman* (25 N. Y. 214), distinguished.

(Argued January 29, 1883 ; decided February 6, 1883.)

THESE were appeals from judgments of the General Term of the Supreme Court in the third judicial department, entered upon orders made September 24, 1880, which affirmed judgments in favor of plaintiff, entered upon orders overruling demurrers to the complaints in the actions above entitled.

These actions were brought by plaintiff as receiver of the Eagle Mowing and Reaping Machine Company, a manufacturing corporation organized under the General Manufacturing Act, to enforce the liability imposed by said act (§ 10) upon stockholders in favor of creditors.

*Abram Lansing* for Woodward *et al.*, appellants. If the plaintiff can maintain this action at all, it is because this liability of the stockholders is, by the operation of the statute, or through

the alleged authorization of the Supreme Court, practically vested in him as his property in trust. (2 R. S. 463, § 36, part 3, chap. 8, title 4, art. 2; Laws of 1860, chap. 403, p. 699; 2 R. S. 469, § 67, part 3, chap. 8, title 4, art. 3; Code of Civil Procedure, § 1788, as amended by chap. 399, Laws of 1882, p. 566; *Owen* v. *Smith*, 31 Barb. 641; *Porter* v. *Williams*, 5 How. Pr. 441; *S. C.*, 9 N. Y. 142; *Albany City B'k* v. *Schermerhorn*, 1 Clarke's Ch. 297; *Iddings* v. *Bruen*, 4 Sandf. Ch. 424; *Bostwick* v. *Menck*, 40 N. Y. 383.) This liability of the stockholders is given by the statute expressly to the creditors. (Laws of 1848, chap. 40, § 10.) The liability was, therefore, primarily the property of the creditors. They might control it; they might transmit it to their personal representatives; they might assign it. *inter vivos*. (*Pfohl* v. *Simpson*, 74 N. Y. 137; *Weeks* v. *Love*, 50 id. 568; *Corning* v. *McCullough*, 1 id. 47; *Zabriskie* v. *Smith*, 13 id. 322.) Rights of property under the Constitution are absolute and comprehensive, and exclude all control, occupation and interference of the State, as well as of individuals. (Const., art. 1, § 6; *Wynhaemer* v. *The People*, 13 N. Y. 378; Story's Eq. Pl., § 72.) A right of action, given by statute to a creditor against the stockholders of a corporation, cannot be taken away from its owner, either at law or in equity, without giving him at least a day in court, whereon he may show cause against the right to take it, as well as against the propriety or justice of its exercise. (*Verplanck* v. *Mercantile Ins. Co.*, 2 Paige, 438; *Gibion* v. *Martine*, 8 id. 481; *Sanford* v. *Sinclair*, id. 375; *Fields* v. *Ripley*, 20 How. Pr. 26; *Kemp* v. *Harding*, 4 id. 179, 180; *People* v. *A. & S. R. R. Co.*, 1 Lans. 330; *Bowery S'v'gs B'k* v. *Richards*, 3 Hun, 366; *Sea Ins. Co.* v. *Stebbins*, 8 Paige, 565; *Porter* v. *Williams*, 9 N. Y. 142; *Salters* v. *Tobias*, 3 Paige, 339.) The plaintiff cannot make title, as against the creditor, under any provision of the act through which he claims his appointment. (*Curtis* v. *Leavitt*, 15 N. Y. 44; *Story* v. *Furman*, 25 id. 220; *Hyde* v. *Lynde*, 4 id. 392; 2 R. S. 463, § 36, part 3, chap. 8, title 4, art. 2; Laws of 1860, § 403, p. 699.) There is nothing in the provisions of article 3, title 4, chapter 8, part

3, Revised Statutes, under which, by chapter 71, Laws of 1852, and chapter 403, Laws of 1860, the receiver's powers are enlarged, which gives him authority over such a fund. (2 R. S. 469, § 67, art. 3, title 4, chap 8; id., title 1, part 2, chap. 5, art. 8; 1 R. S. [2 R. S. 40]; id., § 7 [2 R. S. 41]; 2 R. S. 21, title 1, part 2, chap. 5, art. 3, § 28; id., art. 4, § 22 [2 R. S. 28]; id., art. 5, § 9 [2 R. S. 30]; id., art. 6, §§ 9, 14 [2 R. S. 32].) ·This liability of the stockholders to the creditors is not an asset of the corporation in any ordinary or general sense. (Laws of 1848, chap. 40, §§ 10, 24.) The receiver represents the creditors, in so far as they are interested in corporate property; he cannot represent them, and is not their trustee in any general sense, or in any sense which gives control of their general property. (*Ruggles* v. *Brock*, 6 Hun, 164; *Van Cott* v. *Van Brunt*, 2 Abb. N. C. 283; *Osgood* v. *Layton*, 1 id. 1; *Gillet* v. *Moody*, 3 N. Y. 479.) The plaintiff's allegation, that he has been duly empowered by an order of the Supreme Court to commence this action, is no foundation for a title to the cause of action. (1 Story's Eq. Jur., § 64.) The creditors must be made parties to the suit, because it is necessary to enjoin the prosecution of their claims. (*Burr* v. *Wilcox*, 22 N. Y. 551, 557; *Mathez* v. *Neidig*, 72 id. 101; *Moss* v. *Oakley*, 2 Hill, 265; *Weeks* v. *Love*, 50 N. Y. 568; *Pfohl* v. *Simpson*, 74 id. 137; Code of Civil Pro., §§ 602, 603, 604; *Sage* v. *Quay*, Clarke's Ch. 347; *Matter of Horning*, 2 Paige, 315; *Watson* v. *Fuller*, 9 How. Pr. 425; *Rorke* v. *Russell*, 2 Lans. 244; *Story* v. *Furman*, 25 N. Y. 214, 231; *Calkins* v. *Atkinson*, 2 Lans. 12; *Fellows* v. *Fellows*, 4 Johns. Ch. 25; 2 R. S. 464, part 3, chap. 8, art. 2, title 4, §§ 43, 44, 45; id. 462, chap. 8, art. 2, title 4, § 36; id., art. 3, §§ 67, 68, 69, 71.) In the suit at bar an injunction cannot issue against the creditors before decree or after. (*McKensie* v. *L'Amoreaux*, 11 Barb. 516; *Pfohl* v. *Simpson*, 74 N. Y. 137; *Kerr* v. *Blodgett*, 48 id. 62; *Reed* v. *The Evergreens*, 21 How. Pr. 319; *Garner* v. *Wright*, 24 id. 144; *Luling* v. *Atlantic Mut. Ins. Co.*, 45 Barb. 516; Story's Eq. Pl., §§ 101, 102; *Hubbard* v. *Somer*,

22 Barb. 601; *Habricht* v. *Pemberton*, 4 Sandf. 657, 659 ; *Duffy* v. *Duncan*, 22 Barb. 588; *Hammond* v. *Earle*, 5 Abb. N. C. 102.)   Neither can the plaintiff claim to sue alone as the trustee of an express trust.   (Code of Civ. Pro., § 449.)   Equity will not appoint a receiver for the purpose of accomplishing that which the person applying may do for himself or because it can do no harm. (*Sollory* v. *Leaver*, L. R., 9 Eq. Cas. 22 ; *Cory* v. *Long*, 12 Abb. Pr. [N. S.] 434; *Orphan Asylum* v. *McCartee*, Hopk. Ch. 435 ; *Pfohl* v. *Simpson*, 74 N. Y. 137; *Weeks* v. *Love*, 50 id. 568 ; *Sollory* v. *Leaver*, L. R., 9 Eq. Cas. 22, 25 ; *Buxton* v. *Monkhouse*, 2 Geo. Cooper, 41; *Willis* v. *Corlies*, 2 Edw. Ch. 286, 287 ; *Verplanck* v. *Caines*, 1 Johns. Ch. 58.)

*Willard Bartlett* for S. Foster Dewey, appellant.   The plaintiff has not legal capacity to sue, because the law does not authorize a receiver, however appointed, to bring a suit of this kind.   (3 Edm. 735 ; 2 R. S. [6th ed.] 504; Thompson on Liability of Stockholders, § 342; *Dutcher* v. *Marine Nat. B'k*, 12 Blatchf. 435 ; *Bristow* v. *Sandford*, id. 341 ; Laws of 1852, chap. 71; Laws of 1860, chap. 403 ; 3 Gen. Stats. [Edm. 2d ed.] 682; *Walker* v. *Crain*, 17 Barb. 123.)   The court cannot determine the controversy as between the parties brought before it by the complaint without prejudice to the rights of these creditors.   They must, therefore, be brought in.   (Code of Civ. Pro., § 452.)   The complaint does not state facts sufficient to constitute a cause of action.   ( *Weeks* v. *Love*, 50 N. Y. 571.)

*Joseph H. Choate* for R. T. Wilson *et al.*, appellants.   The liability of stockholders under section 10 of chapter 40, Laws of 1848, was never, in any sense, property of the corporation. Plaintiff, as receiver, took only the property, things in action, and effects of the corporation, and, therefore, cannot maintain this action.   (2 R. S. 463, § 36; Laws 1852, chap. 71, p. 67 ; 2 R. S. 469, § 69 ; 3 R. S. 728, § 7 ; High on Receivers, § 205 and note ; Thompson's Liability of Stockholders, § 342 ; *Hanson* v. *Donkersley*, 37 Mich. 184 ; *Wright* v. *McCormack*, 17 Ohio

St. 86 ; *Umsted* v. *Buskirk,* id. 113 ; *Dutcher* v. *Marine Nat. B'k,* 12 Blatchf. 435 ; *Bristol* v. *Sanford,* id. 341 ; *Calkins* v. *Atkinson,* 2 Lans. 12 ; *Osgood* v. *Laytin,* 3 Keyes, 521 ; *Weeks* v. *Love,* 50 N. Y. 571 ; *Pfohl* v. *Simpson,* 74 id. 137.)

*S. W. Rosendale* for respondent. The liability of stockholders for the debts of a corporation is in the nature of a partnership liability, and not in the nature of a penalty or forfeiture created by statute, and forms, substantially, a fund for the payment of the debts, so far as it will go, of the corporation. (*Corning* v. *McCullough,* 1 N. Y. 47 ; *Story* v. *Furman,* 25 id. 224 ; *Mathez* v. *Neidig,* 72 id. 100, 101 ; *Weeks* v. *Love,* 50 id. 568, 571 ; *Bailey* v. *Bancker,* 3 Hill, 188 ; *Ross* v. *Oakley,* 2 id. 265 ; *Aspinwall* v. *Sacchi,* 57 N. Y. 335 ; *Cuykendall* v. *Niles,* 26 Alb. L. J. 7.) A receiver of a corporation can maintain, upon the above principle, an action against the stockholders to enforce this liability, though the corporation could not, for it is a liability to the creditors, which the stockholders are under, and the creditors, as well as the corporation, are represented by the receiver. (*Ruggles* v. *Brock,* 6 Hun, 164 ; *Van Cott* v. *Van Brunt,* 2 Abb. N. C. 283 ; *Osgood* v. *Laytin,* 5 Abb. Pr. [N. S.] 1–10 ; 3 R. S. [6th ed.] 748, § 36 ; id. 754, § 82 ; *Libby* v. *Rosekrans,* 55 Barb. 202 ; *Osgood* v. *Ogden,* 3 Abb. Ct. of App. Dec. 425 ; *Gillett* v. *Moody,* 3 N. Y. 479 ; *Att'y-Gen.* v. *Ins. Co.,* 77 id. 272.) The principal importance of section 69 (2 R. S. 469) seems to be to state that the action need not be brought against such stockholder if he be insolvent. (*Nathan* v. *Witlock,* 9 Paige, 152 ; *Bartlett* v. *Drew,* 57 N. Y. 587 ; *Hastings* v. *Drew,* 76 id. 9 ; *Upton* v. *Tribilcock,* 91 U. S. 45 ; *Webster* v. *Upton,* id. 65.) The liability of the stockholders to creditors may be just as promptly, and just as properly enforced by the receiver, as trustee for the creditors, as by the creditors themselves. (*Story* v. *Furman,* 25 N. Y. 214, 231 ; *Calkins* v. *Atkinson,* 2 Lans. 12 ; *Weeks* v. *Love,* 50 N. Y. 568.) The creditors of the corporation, either residents or not, or both, are not necessary

parties in the first instance, either as plaintiffs or defendants in this action. (74 N. Y. 138; 3 R. S. [6th ed.] 37, § 10, subd. 3; *Thompson* v. *Brown*, 4 Johns. Ch. 619, 641; *Travers* v. *Myers*, 67 N. Y. 542; *In re Att'y-Gen.* v. *Guard L. Ins. Co.*, 77 id. 272; *Kerr* v. *Blodgett*, 48 id. 62.) It is only proper to make creditors parties in the first instance, who have already commenced, or threaten to commence, suits in their own name against stockholders. (*Osgood* v. *Laytin*, 5 Abb. [N. S.] 1–11.) It is sufficient to allege that a receiver was duly appointed. (*Manley* v. *Rossiga*, 13 Hun, 288; *Rockwell* v. *Fasset*, 45 N. Y. 166.)

RAPALLO, J. We are of opinion that these actions cannot be maintained. The plaintiff is the receiver of a corporation created under the General Manufacturing Law of 1848, appointed upon the sequestration of its property on the return of an execution, and seeks by this action to enforce against the stockholders, the personal liability to creditors which is imposed by that act upon stockholders in such corporations.

The liability does not exist in favor of the corporation itself, nor for the benefit of all its creditors, but only in favor of such creditors as are within the prescribed conditions. It is not a general right, but one which attaches to the particular creditors only who are within the conditions, and is to be enforced by these in their own right and for their own special benefit. The receiver in this case is not vested with the rights of action of these creditors, but only with the property which was sequestrated under the provisions of section 36, chapter 8, title 4, article 2 of the Revised Statutes, viz.: "the stock, property, things in action and effects of the corporation." The rights of certain creditors to prosecute their claims against certain of the stockholders never were the property of the corporation, nor rights of action vested in it, nor is there any provision of the statute, which transfers these rights of action from the creditors to the receiver.

The case of *Story* v. *Furman* (25 N. Y. 214) has no applica-

tion to this case. That action was brought by a receiver appointed under a special act passed in 1852, for the dissolution of manufacturing corporations in Herkimer county, organized under the Manufacturing Law of 1811. It was known as the Herkimer County Act, and in express terms vested not only the corporate property, but the right to enforce the liability of stockholders for the corporate debts, in the trustees, or the receiver appointed in their place, as trustees for the creditors, and authorized them to make assessments upon the stockholders and collect them, and distribute the proceeds ratably among all the creditors. That act referred to the liability imposed by the act of 1811, which was an absolute liability to the extent of the amount of their stock, to pay all the debts of the company existing at the time of the dissolution. The machinery provided was appropriate to the enforcement of such a liability. But it was a very different liability from that imposed by the act of 1848. The case of *Story* v. *Furman* (*supra*) is commented upon in the late case of *Cuykendall* v. *Corning* (88 N. Y. 129), and it is there held that the machinery for enforcing the liability of stockholders through a receiver by assessment, etc., provided by the Herkimer County Act, is inapplicable to corporations organized under the act of 1848.

The liability of stockholders under the act of 1848 is a several individual liability of each stockholder, directly to such of the creditors as have complied with the requisite conditions precedent. There is no statutory provision by which the rights of such creditors can be vested in a receiver of the corporation. Section 448 of the Code of Civil Procedure empowers one or more of the creditors to sue in behalf of all who are similarly situated and enjoin separate suits. This provision recognizes that the right of action is in the creditors, and is the only one by which any creditor can be enjoined from bringing his separate action.

The judgments should be reversed and judgment rendered for the defendants, on the demurrer, with costs.

All concur.

Judgments reversed.