MARY A. P. TUCKER, RESPONDENT, *v.* CORNELIA GILMAN, APPELLANT.

*Liability of a stockholder of a corporation for the amount unpaid on stock owned by him can only be enforced by a creditor — it cannot be enforced by a receiver.*

Upon the trial of this action brought to compel the defendant, who was alleged to be a stockholder in a manufacturing company, to pay the amount remaining unpaid upon the shares of stock owned by her, it appeared that the plaintiff had purchased the claim at a sale of the uncollected assets of the company made by a receiver of the company pursuant to an order of the court.

*Held,* that as the plaintiff, as the assignee of the receiver, could obtain by her purchase from him no other or greater rights against the defendant, as a purchaser or subscriber to the shares of stock, than the receiver himself possessed, and as the receiver himself could not enforce the liability imposed upon the stockholders by section 10 of the general manufacturing act, or section 5 of title 3 of chapter 18 of part 1 of the Revised Statutes, this action could not be maintained.

*Farnsworth* v. *Wood* (91 N. Y., 308); *Mann* v. *Pentz* (3 id., 415) followed.

APPEAL from a judgment in favor of the plaintiff, entered upon a verdict directed by the court, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

This action was brought to compel the defendant who, it is alleged, was one of the stockholders of the Kings County Manufacturing Company, to pay on each share held by her a sum necessary to complete the amount of such share as fixed by the charter of the company. It is alleged that the whole capital of the company was not paid in; and that the capital paid in proved insufficient to satisfy the claims of its creditors. The Kings County Manufacturing Company was organized under the general manufacturing act of 1848, with a nominal capital of $250,000. On June 21, 1875, Edgar Tucker recovered a judgment against it upon an account stated, for money laid out and expended for the company and loaned and advanced to it by him amounting to over $200,000, upon which after crediting certain payments, Tucker had judgment for $186,306.31. Execution was issued upon this judgment and it was returned wholly unsatisfied. Tucker went into bankruptcy, and his assignees petitioned the Supreme Court for the appointment of a receiver of the company. On the 19th of July, 1877, Francis E. Mirrick was appointed receiver of the company, and subsequently he advertised for claims and proceeded to collect such assets of the company as could be found. Having collected a certain amount of money, he was directed to distribute it among the creditors who have proved their claims, and to sell the remaining uncollected assets by an order dated January 9, 1883. The sixth clause of that order reads as follows: "That said receiver proceed to sell at public auction at the Exchange sales room in the city of New York the remaining uncollected assets of said Kings County Manufacturing Company mentioned in said petition; and that he give one week's previous notice of such sale, by advertising notice thereof in two daily newspapers published in the city of New York." Pursuant to this order the receiver sold the alleged claim to the plaintiff in this action and assigned the same to her June 8, 1883. This sale was approved by the court by an order dated July 18, 1883; and the plaintiff, as such assignee, subsequently commenced this action against the defendant claiming that there was a balance of sixty per cent due upon the alleged subscrip-

tion of the defendant for the stock of the said Kings County Manufacturing Company.

The defendant after making denials in her answer which substantially amount to a general denial of the material allegations in the complaint, alleges that she purchased the shares of stock in regard to which she is sought to be held liable for the sum of $6,000 relying upon the representation of the company that said stock was full paid stock, and that at no time did she subscribe to or for any of the capital stock of said company. She also alleges that prior to the commencement of this action and on or about the 13th of February, 1872, she transferred the shares of stock mentioned in the complaint to one Henrietta Bramhall in good faith and without any knowledge of the financial condition of the said Kings County Manufacturing Company. She also alleges that this action was not commenced within six years after the alleged cause of action set forth in the complaint accrued.

*C. P. Crosby* and *Henry E. Knox,* for the appellant.

*Wheeler & Cortis* and *Everett P. Wheeler,* for the respondent.

LAWRENCE, J.:

Many questions of evidence are discussed in the brief presented by counsel upon the argument of this appeal, some of which probably are fatal to the judgment in this case; but in the view which we take of this case, it is not necessary to consider them. It is quite apparent that the plaintiff, as the assignee of Mirrick, obtained no other or greater right than Mirrick possessed against the defendant as the purchaser of or subscriber to the shares of stock mentioned in the complaint. Upon looking into the order of July 19, 1877, appointing Mirrick receiver, it will be found that he was appointed receiver of the property, estate, effects, choses in action, books of account and legal and equitable interests of the said Kings County Manufacturing Company, etc. If the claim in question does not come under one or the other of the claims or interests specified in that order it is quite clear that the plaintiff has no cause of action.

In *Farnsworth* v. *Wood* (91 N. Y., 308), which was an action brought by the plaintiff as receiver of the Eagle Mowing and Reaping Machine Company, a manufacturing corporation organized

under the general manufacturing act, to enforce the liabilities imposed by section 10 of that act upon stockholders in favor of creditors, it was held that the liability of the stockholder does not exist in favor of the corporation itself, or for the benefit of all its creditors, but only in favor of such creditors as are within the prescribed conditions, and is to be enforced by them *in their own right and for their own especial benefit.*

RAPPALO, J., in delivering the opinion of the court, says, at page 313 : " The receiver in this case is not vested with the rights of action of these creditors but only with the property which was sequestrated under the provisions of section 36, chapter 8, title 4, article 2 of the Revised Statutes, viz. : The stock, property, things in action and effects of the corporation ; the rights of certain creditors to prosecute their claims against certain of the stockholders never were the property of the corporation, nor rights of action vested in it ; nor is there any provision of the statute which transfers these rights of action from the creditors to the receiver."

If it is sought to maintain this action because of the provisions of section 10 of the general manufacturing act, the case cited seems to us to be precisely in point, and it, therefore, follows that the learned justice erred in dircting a verdict in favor of the plaintiff.

If, however, it is claimed that the liability sought to be enforced arises because of the provisions of section 5, title 3, chapter 18, part 1 of the Revised Statutes (1 R. S., p. 600), which section is applicable by reason of section 26 of the manufacturing act of 1848, which provided that all corporations formed under this act should be subject to the provisions of title 3, chapter 18 of the Revised Statutes, which section reads as follows :

" Where the whole capital of a corporation shall not have been paid in, and the capital paid shall be insufficient to satisfy the claims of its creditors, each stockholder shall be bound to pay on each share held by him, the sum necessary to complete the amount of such share, as fixed by the charter of the company, or such proportion of that sum as shall be required to satisfy the debts of the company," the reasoning of the case cited would be equally applicable.

But we are not left without an equally authoritive decision upon this very section. In the case of *Mann* v. *Pentz* (3 N. Y., 415),

the right of a receiver to enforce liabilities arising under section 5, above referred to, was the question involved, and it was distinctly held that a receiver could not maintain such an action. The court says, after quoting the language of the section : " The liability is, therefore. clear. but how is it to be enforced ? The statute itself does not define the method to be pursued, but leaves the remedy to be enforced by such practice and in such form as the nature of the right to be asserted, and the relief sought may require. It being a statute liability, if the receiver can select one stockholder and collect the whole amount unpaid upon his shares of the stock, there is no reason why his remedy is not as perfect at law as in equity. But the nature of the right to be enforced and the circumstances under which it is to be enforced render the proceedings under this statute eminently proper for a court of equity and the practice should be such as to effect the equitable designs of the statute and not be unnecessarily oppressive upon those against whom the proceedings are directed. This liability is only incurred when the capital paid in is not sufficient to satisfy the debts against the corporation, and then only to an amount sufficient to satisfy such debts. It is, therefore, necessary that an account of the assets and of the debts should be taken of the amount of the capital remaining unpaid upon the shares, and the amount unpaid by each stockholder, in order that they may be made equally liable. I can see no way in which this could be effected under the practice before the Code, except by a bill filed in behalf of all the creditors against the corporation, making the delinquent stockholders also defendants. The court would then have the power to do complete justice and make each delinquent stockholder pay his due proportion and no more. This is the practice established by the Revised Statutes to enforce a liability somewhat analogous against directors and stockholders of moneyed corporations (2 R. S., 464), and the same practice is suggested by Judge Jackson in *Vose* v. *Grant* (15 Mass., 505), and by Judge Story in *Wood* v. *Dummer* (3 Mason, 308). The creditor, therefore, who filed the original bill against the railroad corporation, when he found that the property of the company was not sufficient to pay all the debts, should have amended his bill and made the delinquent shareholders parties to the original bill. The receiver had no power as such to file this bill. There is nothing in the original bill nor in the

order appointing the receiver, which indicates that it was the object of that suit that the receiver should have any other or greater powers than receivers in ordinary creditor's suits."

It is, therefore, distinctly held that a receiver appointed in a creditor's suit as the receiver in this case was, cannot enforce liabilities under this section which requires the marshaling of obligations and claims in order that one stockholder may not be called upon to bear a greater burden than by the statute has been imposed upon him. The fact that the case cited relates to procedure before the Code in no way militates against or weakens the reasoning employed. The principle upon which the case rests is, that a receiver in an ordinary creditor's suit, has no power to enforce a liability under this section.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and BARTLETT, J., concurred.

Judgment reversed, new trial ordered, costs to appellant, to abide event.