## SUPREME COURT.

JACOB PFOHL agt. ARTHUR B. SIMPSON *et al.*

*Action in equity — insolvent corporation — personal liability of stockholders.*

An action in equity brought by a plaintiff, a creditor, on his own behalf and of all others similarly situated, may be maintained against an insolvent corporation and its stockholders for an accounting, and to ascertain the debts and assets of the corporation, and to reach the claims against the stockholders arising from their personal liability under the charter.

An injunction will also be allowed to restrain any suits at law which may have been brought to reach the claim against the stockholders personally.

The fact that the insolvent corporation has been put into bankruptcy in the United States bankrupt court, and assignees in bankruptcy appointed therein, does not affect the liability of the stockholders personally. Such liability does not pass to the assignees in bankruptcy; it is to be enforced in the state courts.

*Onondaga Special Term, May,* 1873.

THE complaint alleges the incorporation of The People's Safe Deposit Company under chapter 816 of the laws of 1869, its insolvency, appointment of receivers thereof by this court, an adjudication of the bankruptcy thereof, and the appointment of assignees in bankruptcy under the national act; the insufficiency of the assets to pay the debts and liabilities of said institution; that the plaintiff is a creditor of said institution; that divers other creditors have brought actions at law against several stockholders; that the stockholders are made " severally liable for all debts and liabilities of the said corporation to an amount equal to the amount of stock held and owned by them respectively " (*sec.* 13).

That the amount of debts and liabilities of such corporation, at the time of its insolvency, was about $1,400,000 to over 7,000 different creditors.

That stockholders holding $130,000 of the stock are insolvent.

That it will require, in addition to said property and collections, all that can be collected under the personal liability claim to pay in full the debts and liabilities of said corporation; that to enable the creditors to secure the benefit of said personal liability of stockholders, if each depends on his action at law, over 7,000 suits will be necessary.

That the action is on behalf of plaintiff and the other creditors similarly situated.

The complaint prays for a temporary injunction restraining the suits by creditors at law; that the assets be ascertained, the debts and liabilities, and for further relief.

· The complaint also alleges that the bankrupt court has held and decided that the liability of said stockholder does not pass to the assignees in·bankruptcy, and that the same is to be enforced in the state courts.

Several defendants, creditors of said institution, who have brought suits at law, have demurred to the complaint.

*D. Pratt, F. Hiscock & Wm. Gifford,* for plaintiff. .

*W. C. Ruger, C. B. Sedgwick & D. Coates,* for defendants.

HARDIN, *J.* — The complaint confessedly states facts sufficient to render the several stockholders liable to respond in payment of the .debts and liabilities of the " People's Safe Deposit Company, in an amount equal to the amount of the stock held and owned by them respectively " (*Laws of* 1868, *chap.* 816, *sec.* 13).

The section expressly provides that this " liability shall be in addition to their liability to pay in full the stock subscribed for or purchased by them."

The stockholders' liability is provided for by the constitu-tion of 1846; and the duty of imposing it was cast by the constitution upon the legislature (*Art.* 8, *secs.* 2, 7).

It must be assumed that the effect of the charter or act of incorporation, is to make the corporation liable to the creditors personally, and that the very moment a credit is given to the corporation, the very moment a relation of debtor and creditor is formed between the creditor and the corporation, that very moment the stockholders' liability springs into existence and the relation of creditor obtains between the creditor and the stockholder. In other words, the debtor and creditor relation arises, as in cases of joint associations or partnerships.

A sale to the association or copartnership creates a liability of the association, the firm, and the individual members thereof to the creditor. So, too, in the case of a sale of goods, or a loan of money to the People's Safe Deposit Company, the very moment it happens, that very moment each and every stockholder becomes a debtor to the creditor.

The case of *Corning* agt. *McCullough* (1 *Comstock*, 54), asserting these principles, was followed by the court in *Story* agt. *Farnham* (25 *N. Y.*, 222). E. D. SMITH, J., who delivered the opinion of the court in the last case, tersely says: " This doctrine that the common law of partnership remains and applies in respect to all this class of corporations when a personal liability of the stockholders is retained to any extent, except as modified in this particular act, *must be deemed*, I think, the *settled law of this* state on this subject, since the decision of *Corning* agt. *McCullough*" (*supra*). (*See also Conant* agt. *Van Schaick*, 24 *Barb.*, 96.) The late T. A. JOHNSON, J., in *Rochester* agt. *Burns*, in referring to the situation of stockholders if contracts were made, said: "It would become their contract and their obligation immediately, by force of the statute; it would have been in no sense an inchoate obligation, but a complete and perfect one" (26 *Barbour*, 664).

Following out this view of the case of the obligation or liability of the stockholder, it has been assumed in numerous cases that there existed two remedies against him to which the creditor might resort (*Bank of Poughkeepsie* agt. *Ibbotson*, 24 *Wend.*, 473; *Slee* agt. *Bloom*, 19 *John.*; *Briggs* agt. *Penniman*, 8 *Cowen*; *Weeks* agt. *Love*, 50 *N. Y.*; 8 *Abbott* [*N. S.*], 166; 12 *Abbott*, 268).

So, the further conclusion has been established, that the stockholder's liability is a fund for the payment of all the debts of the corporation, and that " if it was insufficient to pay all the debts it must be distributed among the creditors upon equitable principles, and that, as equality was equity, no single creditor would be allowed to acquire priority of and exclusive payment; and that a court of equity would therefore restrain any single creditor from prosecuting at law, and require the fund to be distributed ratably among the creditors in equity" (*See opinion of* SMITH, J., *supra*).

In *Cushman* agt. *Shepard* (4 *Barb.*, 119), decided in 1848 by GRIDLEY, J., in this district, and settling the form of a decree in an action somewhat like this, it was said : " The decree should have first required the payment of all unpaid installments of stock which are collectible, in analogy to the course directed to be taken by 2 Revised Statutes, 465, sections 49 and 50, and then duly apportioned the residue among the parties liable, according to the principles of the court of equity, *whose appropriate office it is to settle all the rights and liabilities of the respective parties in one suit*, and to provide for the apportionment of the residue among the several parties liable, and to enforce contribution upon equitable principles in one suit, so as to save the necessity of separate suits for contribution, *and to prevent a useless circuity of action.*"

That same learned jurist, in delivering the opinion of the court *in banc* in this district in 1853, in *Walker* agt. *Crain*, again repeated the doctrine and added: "And the court of chancery *will control* the actions of a court at law whenever

Pfohl agt. Simpson.

its jurisdiction is properly invoked, and *it may always* be invoked when there is any other party who is interested in the fund, and whose rights are endangered by the suit at law " (17 *Barb.*, 131, 132; 16 *How.*, 289).

In *Rankin* agt. *Ellicot* (16 *N. Y.*, 377), the principle of equality, being equity, in respect to the creditors availing of the stockholders' liability, was asserted.

*In the Matter The Empire City Bank* (18 *N. Y.*, 240), DENIO, J., assumed that prior to the Revised Statutes the jurisdiction of the court of equity in matters growing out of the insolvency of corporations existed. He says: "The winding up and settling of the affairs of insolvent corporations *fell within* the jurisdiction of *courts of equity from the nature of the* case; the forms used in courts of law not being adapted to such controversies; and we accordingly find it was the constant practice of the court of chancery to *entertain suits* for that purpose, and by its decree to determine *who were stockholders and contributors*, and in what proportions they were to contribute, and to cause an account to be taken of the unsatisfied debts and liabilities, and to decree a distribution accordingly," and he thereupon concludes that stockholders who are sought to be charged are not entitled by the constitution to the right of trial by jury. His reasoning was approved in 27 *New York*, 150, and he there gives the reason for the rule, viz.: "The motive of this departure from the course of the common law, doubtless was the avoiding of a multiplicity of suits and the policy of a speedy adjustment of transactions in which a large number of persons were interested " (*Id.*, 152).

In *Osgood* agt. *Laytin* (5 *Abb.* [*N. S.*], 10), GROVER, J., in delivering the opinion of the court of appeals upholding an action in favor of a receiver of an insolvent corporation, supports the same doctrine. He says: "All the stockholders *who are liable* may and should be included as defendants in the same action. There is no difficulty in determining the amount each is to pay upon the trial of the cause, and in case

Pfohl agt. Simpson.

the whole amount of the liability is not required for the payment of the debts of the company, the precise amount each is to pay can be determined in the action.

"This course of procedure is also necessary to prevent multiplicity of actions, as there are several hundreds of stockholders. The creditors insist that they are not proper parties to the action against the stockholders, and that upon this ground they are entitled to judgment upon the demand."

"*Equity having the power to enforce payment from* the stockholders, and an action having been instituted in the proper mode for that purpose, which in its result will place the fund in the possession of the court for distribution among the creditors, *it is the duty* of the court to protect the stockholders from being harassed by other actions instituted to enforce the same liability."

This can only be done by restraining such actions. To enable the court effectually to do this, those creditors who have instituted such suits, and those who threaten to do so, are proper parties to the action (*Id.*, 11).

That action was sustained by the unanimous judgment of the court of last resort, and although the same was in favor of a receiver, its reasoning applies with force here, as here the assignees in bankruptcy are parties, and in virtue of the appointment are held to represent creditors, as well as debtors.

They sold the capital stock and the assets, and as they do not object to this action, nor the jurisdiction of this court over them, they can furnish the proper information in respect to the amount needed to pay the debts of the corporation.

In *Weeks* agt. *Love* (50 *N. Y.*), the court, while holding that an action at law may be maintained by a single creditor against a stockholder, does not in the least trench upon the principles of the cases already quoted from; but on the contrary, the lucid opinion of ANDREWS, J., expressly recognizes and approves of the cases cited by him, which sustain the right to a suit in equity, in which an accounting may

take place and the rights of all creditors be upheld, and they allowed ratably to participate in the distribution of the fund provided for them arising from the stockholders' liability.

It was held in 4 *Gray*, 527, that the statute of limitations applies to the debt, and that when that is barred the right to recover of the stockholder is gone, but nothing further was held in that case, and it does not in the least interfere with the principles which lie at the foundation of the right to invoke the equitable jurisdiction of this court.

By section 36 of second volume Revised Statutes (*Edm. ed.*), page 180, it is provided that " the powers and jurisdiction of the court of chancery are coextensive with the powers and jurisdiction of the court of chancery of England," except as otherwise provided by the laws and constitution of this state, and it would seem to follow that its jurisdiction has been asserted, and exists independent of the provisions of the Revised Statutes as to insolvent corporations in respect to questions presented to it by the complaint in this suit.

The constitution, and the act of the legislature having declared that the liability of the stockholders should exist, and debts having been made by the corporation " the powers incident to the jurisdiction of the court of chancery attached themselves to the new subject (18 *N. Y.*, 596; 2 *Kernan*, 406).

Although some of the cases to which reference has been made was brought and upheld under the provisions of the Revised Statutes " of proceedings against corporations in equity " (2 *R. S.* [*Edm. ed.*], 482, 487), it is believed that the jurisdiction of a court of equity, may be maintained independent of the statute, and the foundation as already seen of the stockholders' liability to the creditor supports and strengthens this view (*Cockburn* agt. *Thompson ;* 16 *Vesey*, 325, *note ;* 17 *Vesey*, 315; 2 *Mason*, 195). The statute must be regarded as cumulative, when it provides the same remedy which might have been attained under the general principles of equity, asserted under the general jurisdiction of that court. In some respects the statute restricts the remedy, and in most

instances it is the remedy that is affected, modified or controlled, instead of the right to a remedy, which as already shown rests upon the principles of equity antedating the statutes.

This view of the powers of a court of equity, to apply its jurisdiction to the stockholders and the creditors of the institution which attaches upon the creation of a debt by the corporation, which was clothed with an existence for certain purposes, but with the common-law liability left upon its stockholders to the extent named in the statute, in obedience to the constitution, renders it unnecessary to pass upon the effect of the bankrupt laws upon the provisions of the Revised Statutes.

It may be remarked however, that neither the creditors nor the stockholders as parties, are adjudged bankrupt; and the reasons which lead to holding the insolvent statutes suspended in cases where the bankrupt court has taken jurisdiction do not apply with the same force.

Besides the objections by the defendants who have brought suits in the state courts to enforce the stockholders' liability, that a state court has no jurisdiction, would if allowed have very sweeping effect. If all actions at law may be maintained by them against the stockholders to recover, why not a suit in equity to recover the liability, and to distribute it in accordance with the legal rights of the creditors, having due regard to their respective equities? (1 *Lansing*, 381.)

Assuming that the United States district court has no jurisdiction to enforce the liability of the stockholders to the creditors as has been held by that court, and that such holding is upheld by principle and authority, it would seem to follow that a state court has jurisdiction, and can enforce the stockholders' liability in equity as well as at law (*Van Hook* agt. *Whitock*, 3 *Paige*, 409).

In this action equity follows upon the legal obligation, the contract liability of the stockholder, and carries it into effect, in accordance with the settled principles of equity, which are

Pfohl agt. Simpson.

in aid of and support of the legal rights of the creditors to recover of the debtor, the stockholder.

The learned counsel for the defendants, insists that an injunction cannot be sustained to restrain proceedings in the same court where the defendants have a remedy by motion, answer or otherwise.

That position has been very exhaustively examined by FOLGER, J., in *Erie Railway Company* agt. *Ramsey* (45 *N. Y.*, 639), and the right to enjoin maintained (*See also* 13 *Abbott* [*N. S.*], 1).

It follows from the views herein expressed, that the demurrer must be overruled with leave to answer upon payment of costs, and that the motion to dissolve the injunction must be denied.

Affirmed by general term, fourth department, and the appeal dismissed by the court of appeals.