(20 App. Div. 255.)

SWAN v. MUTUAL RESERVE FUND LIFE ASS'N.

(Supreme Court; Appellate Division, Fourth Department. July 29, 1897.)

1. COMPLAINT—DEMURRER.
     A complaint demurred to as not stating a cause of action will be held to state such facts as can be implied from its allegations by reasonable intendment, and the facts so stated will be deemed admitted by the demurrer.

2. SAME—CONCLUSIONS OF PLEADER
     Where the contract relied on is in writing, and set out at length in the complaint, the rights of the parties are to be determined by its terms, as construed by the court, and the conclusions drawn therefrom by the pleader are not admitted by a demurrer.

3. INSURANCE CONTRACT—SPECIFIC PERFORMANCE—EQUITY JURISDICTION.
     Equity has jurisdiction of a suit for specific performance of a contract of life insurance on the co-operative or assessment plan.

4. INSURANCE CORPORATIONS—ACTIONS—PARTIES.
     A suit to compel specific performance of a contract of insurance in a co-operative life insurance company, which provides that a reserve fund shall be created, and that when said fund exceeds a certain sum the surplus shall be divided among the policy holders, is necessarily founded on the misconduct of the corporate officers, and, under Code Civ. Proc. § 1781, must be brought against them, and not against the corporation alone.

5. SAME—RIGHT TO SUE.
     Under Code Civ. Proc. § 1782, providing that suits to compel the officers of a corporation to account for their official conduct may be brought by the attorney general in behalf of the people, or by a creditor of the corporation, a policy holder in a co-operative insurance company, who is not a judgment creditor of the corporation, cannot sue in his individual capacity to compel specific performance of a provision of the policy that a reserve fund would be created, and that, when said fund exceeded a certain sum, the surplus should be divided among the policy holders.

6. SAME—JUDICIAL INTERFERENCE WITH CONDUCT OF CORPORATE BUSINESS.
     Laws 1892, c. 690, § 56, declaring that no order or decree providing for an accounting or interfering with the prosecution of the business of any domestic insurance company shall be made except on application of the attorney general, or in an action by a judgment creditor, etc., forbids suit by a policy holder to compel specific performance of a provision in the policy that a reserve fund would be created, and that, when it exceeded a certain amount, the surplus would be divided among the policy holders.

**7. CONSTITUTIONAL LAW—IMPAIRING OBLIGATION OF CONTRACTS.**

Such act is remedial, and does not impair the obligation of a contract within the inhibition of Const. U. S. art. 1, § 10.

Follett and Ward, JJ., dissenting.

Appeal from special term, Oneida county.

Suit by Joseph R. Swan against the Mutual Reserve Fund Life Association for specific performance of a contract of insurance. From an interlocutory judgment (41 N. Y. Supp. 444) overruling a demurrer to the complaint, and from an order directing the entry of said judgment, defendant appeals. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

W. T. B. Milliken and F. A. Burnham, for appellant.
William Kernan, for respondent.

ADAMS, J. The plaintiff, in his complaint, alleges that the action is brought on his own behalf, as well as on behalf of all other persons holding policies of insurance in the company of the defendant who may desire to join in the prosecution thereof. This complaint was demurred to by the defendant, upon the following grounds, viz.:

"(1) That the said complaint does not state facts sufficient to constitute a cause of action. (2) That it appears upon the face of the complaint that the plaintiff has not legal capacity to sue, in that the action is not brought by the attorney general of the state of New York, nor by a judgment creditor of the defendant corporation, and in that it does not appear that the plaintiff has sought any relief for his said grievances within the said corporation, and in that it does not appear that he has requested any action to be brought by the officers of said corporation, or that they have refused to bring such action. (3) That it appears upon the face of the complaint that there is a defect of parties defendant, in that the acts and omissions therein alleged were the acts and omissions of the officers and directors of the defendant corporation charged with the management of its affairs, and that none of such officers and directors are made parties herein."

The demurrer was overruled at the special term, and from the order overruling the same, as well as from the judgment entered thereon, the defendant appealed to this court.

In order that the questions raised by the defendant's demurrer may be intelligently discussed and properly disposed of, it is necessary to understand, if possible, not only the character of the relief which the plaintiff seeks to obtain by means of his action, but the precise allegations of the complaint upon which he rests his right to recover,—an undertaking which is attended with no little difficulty in this instance, by reason of the prolixity of the pleader, who has drawn his complaint so informally, and with so much reiteration, as to render it somewhat uncertain upon just what facts he places his reliance. Haply, in such an emergency, we are at liberty to invoke the general rule of pleading that, where a complaint is met by a demurrer upon the ground that it does not state a cause of action, the pleading thus demurred to will be held to state such facts as can be implied from its allegations by reasonable and fair intendment; and that the facts thus stated shall be deemed admitted by the demurrer. Sage v. Culver, 147 N. Y. 241, 41 N. E. 513. This rule, however, is not without

its limitations, one of which is that facts only, and not the conclusions or inferences drawn therefrom by the pleader, are to be regarded as established by the interposition of the demurrer; and when, as in this case, the contract relied upon happens to be in writing, and set forth at length in the complaint, the rights of the parties must be determined by its terms, as construed by the court, and not by the pleader. Catholic Inst. v. Bitter, 87 N. Y. 250; Bogardus v. Insurance Co., 101 N. Y. 328, 4 N. E. 522. Adopting, therefore, the rule thus stated for our guidance, and treating the policy of insurance attached to the plaintiff's complaint as a statement of the entire contract between the parties, we find, when considered in connection with the several alleged breaches of its conditions by the defendant, that the difficulty of which we have been speaking is, in a measure, obviated, and that the cause of action which the plaintiff has attempted to set out, relieved of all surplus and redundant matter, may be briefly epitomized in the following allegations, viz.: That the defendant, in and by the terms of its contract with the plaintiff, undertook and agreed from its net earnings to create and maintain a reserve fund, stipulating that when such fund should exceed a certain amount the surplus should be divided among the various policy holders or members of the association; that in violation of this agreement the defendant has not only failed to properly create and maintain such reserve fund, but has diverted its net earnings to other purposes, and has not divided the surplus thereof in accordance with the agreement entered into between the parties; and that upon this state of facts, the relief demanded is, in substance, that the defendant be required by the court to carry out and fulfill the terms of its contract, in accordance with the terms thereof. To all intents and purposes, therefore, the action may be treated as one for the specific performance of a contract of life insurance based upon the co-operative or assessment plan, and, consequently, it is one of which a court of equity will take cognizance (O'Brien v. Fitzgerald, 143 N. Y. 377, 38 N. E. 371), provided the facts thus alleged, giving to them all the force and value they are entitled to receive, can be said to constitute any cause of action in favor of this plaintiff against the defendant, which we regard as extremely doubtful (Ver Plank v. Insurance Co., 1 Edw. Ch. 87; Karnes v. Railroad Co., 4 Abb. Prac. [N. S.] 107; Bewley v. Society, 61 How. Prac. 344; Uhlman v. Insurance Co., 109 N. Y. 421, 17 N. E. 363). In the view, however, which we take of this case, it will not be necessary to pass upon this particular feature of it, inasmuch as we conclude that the interlocutory judgment must be reversed, and the demurrer sustained, upon the ground that the plaintiff has no legal capacity to maintain the action, in any event. Were the plaintiff a judgment creditor of the defendant, it is quite possible that a cause of action might be spelled out of the complaint in his favor within the authority of the cases last cited. But there is, of course, no pretense that he sues in that capacity, and it is, therefore, a little difficult to determine precisely what is his relation to the defendant, although the trend of authority appears to be that it may be regarded as one of contract, measured by the terms of the policy. Cohen v. Insurance Co., 50 N. Y. 610; People v. Insurance Co., 78 N.

Y. 114. Without attempting, however, to determine this question, it is sufficient for our present purpose to say that the plaintiff brings his action simply as a policy holder or member of the defendant corporation; and although, as we have seen, he asks that a specific performance of the contract be decreed, it is obvious from a mere casual reading of the complaint that the relief sought cannot be obtained without requiring the defendant to account for the official conduct of its directors in the management and disposition of the funds and property of which they are the legal custodians. In other words, although not so alleged, the action is one which is necessarily founded upon the misconduct of the defendant's trustees, directors, or managers, and consequently it is one within the contemplation of section 1781 of the Code of Civil Procedure, which must be brought against the officers of the defendant, and not against the corporation only. Furthermore, such an action must be brought either by a creditor of the corporation, which means a judgment creditor (Belknap v. Insurance Co., 11 Hun, 283; Cole v. Insurance Co., 23 Hun, 255). or else by the attorney general, in behalf of the people of the state (Code Civ. Proc. § 1782; People v. Ballard, 134 N. Y. 269, 32 N. E. 54). We think these provisions of the Code were obviously designed by the legislature to provide a remedy, and the means of obtaining the same for every person whose relation to a corporation entitles him to relief similar to that sought by the plaintiff through the medium of this action. If this be so, it follows that, the remedy thus afforded being adequate and complete, a separate and independent action is not maintainable by the plaintiff in his individual capacity. And in this connection it is proper that allusion should be made to section 56 of chapter 690 of the Laws of 1892, known as the "Insurance Law," which reads as follows, viz.:

"Sec. 56. Proceedings for accounting, injunction or a receiver must be upon application of the attorney-general. No order, judgment or decree providing for an accounting or enjoining, restraining or interfering with the prosecution of the business of any domestic insurance corporation or appointing a temporary or permanent receiver thereof shall be made or granted otherwise than upon the application of the attorney-general, on his own motion or after his approval of a request in writing therefor of the superintendent of insurance, except in an action by a judgment creditor or in proceedings supplementary to execution."

Now, the relief asked for by the plaintiff in this action necessarily involves, in the event of his success, the entry of a judgment or decree which will require the defendant to abandon the practice and method upon which it is at present conducting its extensive business (Seymour v. Association, 14 Misc. Rep. 151, 35 N. Y. Supp. 793), and it is difficult to see how he can obtain all the relief he demands, unless something in the nature of an accounting is required upon the part of the defendant. Indeed, in the sixth subdivision of the prayer of his complaint he asks:

"That the total number of policy holders now living be ascertained, and the total amount paid by such policy holders to the reserve fund be ascertained, and the amount paid by the undersigned to the reserve fund be ascertained, and the undersigned be paid such amount of the reserve fund over and above $1,000,000, in proportion to the amount he has contributed thereto, as compared with the whole amount contributed by policy holders now living."

These several statutory provisions make it plain to our mind that it is the policy of the law that neither individual members nor creditors at large of a corporation shall be permitted to bring actions which shall in any material sense interfere with the system of corporate management adopted by the officers of such corporation, who presumably, and generally speaking, are the sole judges of the manner in which its business shall be conducted (Boardman v. Railway Co., 84 N. Y. 157); but that, on the contrary, any such suit or action, when not brought by a judgment creditor, must be instituted and conducted in the name of the people and by the public prosecutor, the attorney general of the state. In response to the contention that the possible effect of such a construction of the statute would be to impair the obligation of a contract, and thus violate the provision of section 10 of article 1 of the constitution of the United States, it may be said that the whole scope and object of the statute is remedial only. That is, it furnishes a remedy and prescribes a method of procedure by which that remedy may be made applicable to every person situated as the plaintiff is. This much it was certainly within the province of the legislature to do without violating any constitutional provision. Rexford v. Knight, 11 N. Y. 308; People v. Turner, 117 N. Y. 227, 22 N. E. 1022; New Orleans Water Works Co. v. Louisiana Sugar-Refining Co., 125 U. S. 18, 8 Sup. Ct. 741. We conclude, therefore, that inasmuch as it is apparent that the judgment which the plaintiff is here seeking to obtain is one which will compel the defendant's officers to account for their official conduct, and that it is also one which will interfere with the prosecution of the defendant's business, the action is improperly brought; and the necessary result of this conclusion is that the order and judgment appealed from should be reversed.

Order and judgment reversed, and demurrer sustained, with costs.

HARDIN, P. J., and GREEN, J., concur.

FOLLETT, J. (dissenting). This action—an equitable one—was begun May 8, 1893, to compel the defendant specifically to perform a contract of insurance. The defendant admits that February 15, 1881, it executed and delivered to the plaintiff an insurance policy, which contains, among others, the following provisions:

"The net earnings of the association, together with the sum received from each assessment as a reserve, shall constitute a fund which shall be deposited with the Real-Estate Trust Company of New York, and be securely invested in United States bonds, mortgages, or other interest-bearing securities by said Real-Estate Trust Company, as trustee, for the exclusive benefit of the members of the association, and the interest on the same as it accrues shall be paid by the said trustee to the treasurer of the association. When the said fund has reached the sum of $100,000, should an assessment fail to produce a sufficient sum to pay a certificate in full, the deficiency shall be paid by the said trustee from the said reserve fund upon an order signed by the president and treasurer of the association. When the reserve fund shall amount to $200,000, the interest earned on the same shall be paid as a dividend to those who have been members for a period of five years in proportion to the rate fixed by the graduated assessment at each age of entry. When the reserve fund shall amount to $1,000,000 (the limit), all future sums set aside for the reserve on each assessment shall be equitably divided among the members."

The foregoing extract from the policy contains three express promises, every one of which the defendant admits it has violated, and it also admits that the plaintiff has performed the contract on his part. Among other relief asked for is that the defendant be compelled specifically to perform its contract. It is asserted that an action for such relief cannot be maintained by reason of the provisions of chapter 400 of the Laws of 1890:

"Section 1. No order, judgment or decree, providing for an accounting or enjoining, restraining or interfering with the prosecution of the business of any life or casualty insurance company, association or society of this state or appointing a temporary or permanent receiver thereof, shall be made or granted otherwise than upon the application of the attorney-general, on his own motion or after his approval of a request in writing of the superintendent of the insurance department except in an action by a judgment creditor or in proceedings supplementary to execution."

This statute was repealed by chapter 690 of the Laws of 1892,—the insurance law,—and section 56 of that act substituted, which provides:

"Sec. 56. No order, judgment or decree providing for an accounting or enjoining, restraining or interfering with the prosecution of the business of any domestic insurance corporation or appointing a temporary or permanent receiver thereof shall be made or granted otherwise than upon the application of the attorney-general, on his own motion or after his. approval of a request in writing therefor of the superintendent of insurance, except in an action by a judgment creditor or in proceedings supplementary to execution."

The accounting mentioned in the statute of 1890 and in section 56 of the insurance law refers to a general accounting of the affairs of a corporation in an action brought in the interests of the public, preliminary to winding it up, or to restrain it from prosecuting its business in violation of the statutes. The term "interfering with the prosecution of the business" does not mean such an interference as will compel the corporation to perform its contracts, but it refers to regulating the conduct of its business so as to prevent it from violating its charter. It will not do to hold that a policy holder can obtain redress for a violation of his contract only through an action brought by the attorney general. The judgment demanded in this action will not restrain or interfere, in the sense of the statute, with the defendant's prosecution of its business, but will simply compel it to perform its contract with the plaintiff. If this statute is to be given as broad a construction as is contended for by the defendant, it would substantially deprive all policy holders of any remedy against the corporation, no matter to what extent their contracts might be violated. As to all policy holders whose policies antedate the statute, as the plaintiff's does, such a construction would be violative of the provision of section 10 of article 1 of the constitution of the United States, which prohibits the enactment of laws impairing the obligation of contracts. Notwithstanding this constitutional limitation a state may pass a statute changing remedies theretofore existing, but it cannot enact a law which will deprive a party of all remedy against the violators of. contracts. But I apprehend that this statute was not intended to deprive persons with whom insurance corporations have made contracts from maintaining actions simply to enforce the performance of

their contracts, even though the action may incidentally require an accounting.

The opinion of the learned special term, overruling the demurrer, and reported in 17 Misc. Rep. 722, 41 N. Y. Supp. 444, seems to me conclusive on the questions presented by this record, and the judgment should be affirmed, with costs, on that opinion.

WARD, J., concurs.