### PEOPLE v. BANK OF STATEN ISLAND.

#### In re MAYER.

(Supreme Court, Appellate Division, Third Department. September 28, 1911.)

1. RECEIVERS (§ 105*)—NEGLECT OF RECEIVER—LIABILITY.

Banking Law (Laws 1892, c. 689) § 52, as amended by Laws 1897, c. 441, re-enacted in Laws 1909, c. 10 (Consol. Laws 1909, c. 2) § 71, providing that actions to enforce the liability of stockholders of insolvent corporations shall be prosecuted only in the name of the receiver, unless he refuses to take such action on request of any creditor, does not make it the absolute duty of the receiver to sue to enforce the liability of stockholders, and a receiver of an insolvent bank failing to enforce a stockholder's liability while the stockholder is for two years financially responsible is not liable for the loss sustained.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 192–194; Dec. Dig. § 105.*]

2. RECEIVERS (§ 105*)—NEGLECT OF RECEIVER—LIABILITY.

Where the failure to enforce the liability of stockholders of an insolvent bank was occasioned by the neglect of an attorney forced on the receiver, who unsuccessfully sought the appointment of another attorney, the receiver was not liable for the loss sustained.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 192–194; Dec. Dig. § 105.*]

3. RECEIVERS (§ 198*)—COMMISSIONS—STATUTES.

A receiver of an insolvent bank does not acquire on his appointment any vested right to prospective or unearned commissions, but only acquires the right to receive such commissions as the statutes in force at the time of the rendition of services provide; and, in the absence of any showing as to when sums were actually received or disbursed by receiver, the court will not disturb the allowance authorized by an amendatory statute enacted pending the receivership.

[Ed. Note.—For other cases, see Receivers, Dec. Dig. § 198.*]

Appeal from Special Term, Albany County.

Action by the People against the Bank of Staten Island. From so much of an order of the Supreme Court, Special Term (127 N. Y. Supp. 906), as surcharged the account of Joseph B. Mayer, as receiver of defendant, and fixed his commissions at the rate of 2½ per cent. on the amounts received and disbursed, the receiver appeals. Modified and affirmed.

Joseph B. Mayer was appointed the receiver of the Bank of Staten Island January 23, 1904, by a judgment in an action brought in the Supreme Court to dissolve the corporation for insolvency. He continued as receiver until June 29, 1906, when he resigned, and his successor, John S. Davenport, was

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

appointed. He presented his accounts as such receiver, and a referee was appointed to take, state, and settle the accounts. Upon the hearing before the referee it was stipulated as facts, for the purposes of the proceeding, that at the time of the entry of the decree of dissolution and the appointment of Joseph B. Mayer as permanent receiver one Howell H. Barnes, then a stockholder in the said Staten Island Bank, held certificates of stock for 100 shares; that the par value of the stock was $5,000; that the said Howell H. Barnes was solvent and remained solvent, and able to respond to any judgment that might have been recovered against him in an action to recover upon a stockholders' liability for the period of two years thereafter; and that no stockholders' action was brought against him under the statute. The referee found that there had been no willful neglect on the part of the appellant, and refused to surcharge his account with the amount recoverable from the stockholder. Upon the motion to confirm the report of the referee an order was made surcharging the account of the receiver "with said amount of five thousand dollars, the stockholders' liability of Howell H. Barnes to said bank."

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ.

Samuel F. Moran, for appellant.
Nathan D. Stern, for the People.

SEWELL, J. [1] The determination of the Special Term is based upon the theory that it was the plain duty of the receiver to bring an action or proceeding to enforce the liability of the stockholder before the statute of limitation attached, and that his failure to prosecute was such an omission of duty that he should be held personally liable as for a devisavit. I do not so understand the law. Prior to the amendment of section 52 of the banking laws of 1892 (chapter 689) by chapter 441 of the Laws of 1897, there was no statutory provision authorizing receivers to enforce the individual liability of stockholders, and it was held that the appropriate remedy was by a suit in equity by a creditor for himself and on behalf of those who choose to come in and share in the benefits and expenses of the litigation.

The amendment, so far as material upon the question under consideration, provided that:

"Except as prescribed in the stock corporation law, the stockholders of every such corporation shall be individually responsible, equally and ratably, and not one for another, for all contract debts and engagements of such corporation to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares. In case any such corporation shall have been or shall be dissolved by final order or judgment of a court having jurisdiction, and a permanent receiver or receivers of the said corporation shall have been or shall be appointed, all actions or proceedings to enforce the liability of stockholders under this section shall be taken and prosecuted only in the name and behalf of such receiver or receivers, unless such receiver or receivers shall refuse to take such action or proceeding upon proper request in that behalf made by any creditor, and in that event such action or proceeding may be taken by any creditor of the corporation."

This provision was re-enacted and incorporated into section 71 of the banking law of 1909 (chapter 10 [Consol. Laws 1909, c. 2]).

It is to be observed that the language of this statute does not clearly evince a legislative determination that an action or proceeding shall be actually taken and prosecuted by the receiver himself. On the contrary, when it is construed in the light of the former practice, it seems

to include the idea of an action or proceeding by a creditor in the name and behalf of the receiver, if he shall consent or authorize the use of his name for that purpose. But, assuming that the statute should be construed as if the words, "in the name and in behalf of such receiver or receivers," were omitted, and it had clearly provided that all actions or proceedings to enforce the liability of stockholders shall be taken and prosecuted by the receiver unless he shall refuse to take such action or proceeding upon proper request, it by no means follows that the Legislature intended to make it the absolute duty of a receiver to bring an action or proceeding to enforce the liability of stockholders.

The statute contains no such provision. It does not in terms impose an active duty upon the receiver to commence or prosecute an action or proceeding. It does not profess or propose to do so. It in no way acts upon the receiver himself. On the contrary, it clearly recognizes his right to refuse to proceed. The obligation of the statute is that any action or proceeding must be instituted and conducted in the name and behalf of the receiver or receivers. The whole scope and design of the statute is to extend these remedies to the receiver and to confine them to him, unless he shall refuse or neglect to proceed. Had they been confined exclusively to the receiver, or if the public had a direct or immediate interest in the question, it might have been said with some force that the power and authority to sue was a duty which a receiver was bound to fulfill.

In the case of Persons v. Gardner, 42 App. Div. 495, 59 N. Y. Supp. 466, Mr. Justice Hardin, in considering the effect of this statute, said:

"After the adoption of that section as thus amended, an action was maintainable by the receivers at their election. The Legislature was careful to provide that, in case the receiver or receivers refuse to take such action, with the view to the enforcement of the liability of stockholders, upon proper request made by any creditor, an action might be taken by any creditor of the corporation. The right of a creditor to proceed in an action to enforce a stockholder's liability is not taken away except upon condition that the receivers act."

I know of no rule of law which requires or permits the courts to hold that an act authorized under such circumstances is mandatory, and imposes a positive and absolute duty, and not a mere discretionary power.

This view with respect to the intention of the Legislature seems to me only just and reasonable. It would seem to require no argument to show that it would be unreasonable to charge a receiver with gross negligence for failing to do for the creditors what they could and would have done for themselves if they had proceeded with diligence.

[2] If, however, it were conceded that the appellant was charged with a duty in respect to the bringing of an action against the stockholder, still the proofs in the case fall far short of establishing actionable neglect. The taking of such legal steps as the law required the appellant to take against stockholders was necessarily left to his attorney. The appellant did not control the appointment of the attorney. He applied to the court for his discharge and the appointment of another, and the motion was denied. I think it is entirely clear that, if any damage resulted from the failure of the receiver to prose-

cute the stockholder, it was occasioned by the neglect of an attorney practically forced upon him, and not his personal neglect. I am therefore of the opinion that the court erred in surcharging the account of the receiver with the liability of the stockholder.

[3] As to the claim of the appellant that he is entitled to have the commissions allowed to receivers by the statute (Laws 1883, c. 378) in force at the time he was appointed, and that his right to commissions is not affected by the amendment thereof, it is sufficient to say that he acquired no vested right upon his appointment to prospective or unearned commissions. The right which he acquired by becoming a receiver was only to have commissions at the rate allowed by the statute which may be in force when his services are rendered. Nothing appears in the papers before us to show when any sum was actually received or disbursed. So far as appears, all sums were received and paid out after May 1, 1906, when the amendment took effect (chapter 349, Laws 1906). As the burden was on the appellant to establish his right to commissions, we are presented with no legal reason for requiring their increase beyond the amount allowed. For these reasons, I think that the order appealed from should be modified by striking therefrom the provision sustaining the exceptions filed to the report of the referee and surcharging the account of the receiver with·the sum of $5,000, the liability of the stockholder, and, as thus modified, should be affirmed, with $10 costs and disbursements to the appellant, to be paid out of the fund in the hands of the receiver.

HOUGHTON and BE٢TS, JJ., concur. KELLOGG, J., concurs in result in memorandum. SMITH, P. J., not voting.

JOHN M. KELLOGG, J. (concurring in result). I think section 52 of the banking law charged upon the receiver the duty of enforcing the liability against stockholders so far as reasonably necessary for the protection of creditors, but in my judgment there has been no violation of that duty. The stockholder did not cease to be a stockholder within the meaning of section 59 of the stock corporation law (Consol. Laws 1909, c. 59), and the statute of limitations applicable to his case is three years, and the new receiver had ample time in which to bring action.